FILED 24 JUN '11 8:31 USDC-ORP

Steven Goldberg, OSB No. 75134
205 SE Spokane St., Suite 300
Portland, Oregon 97202
(503) 445-4622
(503) 238-7501 Facsimile
steven@stevengoldberglaw.com

Of Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Portland Division

**MARK HOLLIDAY, CHARLES P. VALENTINE, DAVID ALEXANDER, JAMES D. ANDERSON, DARREN GLEBE, TONY D. STEELMAN, NELDA WILSON, and JAMES M. WRIGHT**, Trustees for the AGC-INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 701, TRUST FUNDS,

Plaintiffs,

vs.

**POK WAN CONTRACTING, INC.**, an Oregon corporation,

Defendant.

Case No. CV 11 - 768 HA

**COMPLAINT**

Suit to Enforce Collective Bargaining Agreement/Audit Obligation under 29 U.S.C. § 185, 29 U.S.C. § 1132, and 29 U.S.C. § 1145



#41165

## JURISDICTION

1.

This action is brought pursuant to Section 301(a) of the Labor Management Relations Act ("LMRA"), 29 USC Section 185(a), for breach of a Collective Bargaining Agreement between an employer engaged in an industry affecting commerce and a labor organization representing employees in an industry affecting commerce. This action is also brought under the Employee Retirement Income Security Act (ERISA), Section 502 (29 USC Section 1132) and Section 515 (29 USC Section 1145), because it is brought by the Trustees of an employee benefits plans to enforce the employer's obligation to make fringe benefit contributions according to the Collective Bargaining Agreement.

2.

Plaintiffs Mark Holliday, Charles P. Valentine, David Alexander, James D. Anderson, Darren Glebe, Tony D. Steelman, Nelda Wilson, and James M. Wright are Trustees of the AGC-International Union of Operating Engineers Local 701 Health and Welfare, Pension and Training Trust Funds, collectively referred to as the "Trust Funds". Said Trust Funds were and are Trusts created pursuant to written collective bargaining agreements which are organized and existing pursuant to Section 302 of the LMRA (29 USC Section 186). Said Trust Funds are also multi-employer "employee benefits plans" for purposes of 29 USC Section 1132(d)(1), in that they are established and maintained for the purpose of providing medical, disability, pension, training, and other related needs

of employees and employers within the purposes of the Trust Funds.

3.

At all times mentioned herein, Defendant was a corporation organized and existing under and by virtue of the laws of the State of Oregon.

4.

Defendant is, and has been, engaged in the construction industry and as such has been engaged in an industry affecting commerce, within the meaning of the Labor Management Relations Act, 29 USC Sections 152(6)-(7), and within the meaning of ERISA, 29 USC Sections 1002(4)(5)(11) and (12).

STATEMENT OF FACTS

5.

Defendant was signatory to the Master Labor Agreement between the Oregon-Columbia Chapter Associated General Contractors of America, Inc. and the International Union of Operating Engineers, Local 701, since on or about January 1, 2008 and continuing through the present time.

6.

Under the terms of the above-described Collective Bargaining Agreement, Defendant agreed to make monetary contributions on behalf of its employees performing work within the jurisdiction of Local 701 to the Trust Funds. Based on the terms of the Collective Bargaining Agreement, Defendant further agreed to be bound by the terms and

provisions of the Trust Agreements as amended that governed each of the respective Trust Funds.

7.

The Trust Agreements required Defendant to file monthly reports to the Trust Funds on its employees covered by the Collective Bargaining Agreements setting forth the amount of hours worked by Defendant's employees. In addition, Defendant was required to make monthly payments to the Trust Funds based on the number of hours its employees worked in the preceding month. Defendant is also required to permit an authorized representative of the Trust Funds to enter upon its premises at a mutually agreeable time during regular business hours to examine and copy such records as may be necessary to determine whether Defendant is making full and prompt payment of all sums required and filing all reports required by the Trust Funds.

8.

On or about March 31, 2011, Plaintiffs sent Defendant a letter requesting a payroll audit covering the period from February 1, 2008 through the present, and asking Defendant to respond regarding proposed dates for the audit. On April 20, 2011, Defendant responded that it was unwilling to agree to an audit for the period through March 2010 as a result of an arbitration which was held between Defendant and Local 701. It further indicated that it would agree to an audit for the period April 1, 2010 through March 31, 2011, if the request was made after April 2011.

9.

On or about June 2, 2011, Plaintiffs' attorney responded to Defendant stating that Plaintiffs were entitled to an audit for the entire time period requested, and again asking Defendant to advise which dates would work for the audit. Defendant never responded to that letter.

LEGAL CLAIMS

10.

Pursuant to 29 USC §§ 186, 1132 and 1145, Plaintiffs are entitled to enforcement of the Collective Bargaining Agreement and Trust Agreements, requiring production of books and records and allowance of an audit.

11.

Plaintiffs are further entitled to a judgment for any and all unpaid contributions determined by the audit, interest on unpaid contributions, and liquidated damages.

12.

Plaintiffs are entitled to an award of attorney fees pursuant to 29 USC §1132(g).

WHEREFORE, Plaintiffs ask this court for an Order as follows:

1. An Order requiring Defendant to produce its books, records, papers or reports related to hours worked by, or payroll taxes paid on account of, its employees for examination by Plaintiffs' auditor, and any other business records of Defendant required by Plaintiffs' auditor to complete a full and

accurate audit for the time period from February 1, 2008 through the present;

2. Judgment based upon any and all unpaid contributions determined by the above-described audit and production of records;

3. An award of Plaintiffs' reasonable attorney fees; and

4. For such other relief as the Court deems equitable.

DATED this 23 day of June, 2011.

Steven Goldberg

STEVEN GOLDBERG, OSB# 75134
Attorney for Plaintiffs

Taxpayer I.D. Numbers:

Health and Welfare Trust
No. 93-0622685

Pension Trust
No. 93-6075580

Training Trust
No. 93-0634959

C:\Steven Data\~sg\AGC\Pok Wan\2011 AUDIT\Complaint.wpd./ldm